### HILL *et al. v.* FARMERS BANK OF FORSYTH.

Giving effect to the verdict of the jury upon the controlling question in this case, the decree of the court as rendered necessarily followed.

No. 3700.  FEBRUARY 13, 1924.

Equitable petition.  Before Judge Searcy.  Monroe superior court.  March 3, 1923.

D. O. Trammell executed a security deed to the Farmers Bank of Forsyth, to secure an indebtedness amounting to $5000.  This deed was executed on November 22, 1920, and was duly recorded. On October 29, 1920, Trammell executed a security deed to the same land to W. C. Hill, B. U. Rumble, and E. D. Rudisill.  The grantees in the latter deed, which is prior in date to the deed to the bank, claim priority of lien, their deed being prior in date and duly recorded.  Their deed also contained a power of sale.  To prevent the exercise of this power of sale the Farmers Bank of Forsyth brought a petition against Hill, Rumble, and Rudisill, for injunction and other relief.  It is alleged in the petition, that the deed to the bank contained a power of sale, that this power had been exercised after duly advertising the land, that the bank became the purchaser at the sale in the sum of $3000, this being the only bid made at the sale, and that title was executed in accordance with the sale.  It contends that to permit the sale under the power contained in the other deed would create a cloud upon its title.  The bank contends that while its security deed was junior in date, it was a superior lien upon the land, because of the fact that the debt to secure which its deed was executed was a renewal of a debt existing prior to the date of the deed to Hill and his joint grantees; but the latter insist that it was not a renewal of a prior debt.  They admit that the bank, prior to October 29, 1920, held certain notes of Trammell to the amount of $4500, the payment of which was secured by a deed to the same land, but also insist that when the bank took the deed of November 22, 1920, it was not a renewal of the old debt, but was a novation, because

the bank secured an advantage by the new deed in that it received security for the payment of a $500 note, the payment of which was unsecured before. At the trial of the case the court required the jury to find a special verdict. That verdict consisted of answers to certain questions submitted. The questions and the answers made thereto by the jury were as follows: (1) Q. "Was, or not, the note and security deed from Trammell to plaintiff bank, dated November 22, 1920, for the sum of $5000, and due on demand, a new and independent transaction, or a renewal of prior obligations and liens?" A. "It was a renewal of notes." (2) Q. "Was, or not, the prior obligations and liens cancelled and surrendered by the bank to Trammell at the time the $5000 obligation and lien was taken?" A. "They were surrendered, but not cancelled." (3) Q. "If these obligations and liens were surrendered to Trammell by the bank, but were not actually cancelled, what was the intention of the bank and Trammell with reference to these papers? Did both parties intend, or not, that these papers were paid and so treat them?" A. "Both considered them as paid." (4) Q. "At the time of taking the $5000 note and deed did the bank, or not, thereby obtain additional or better security than it already held to secure the payment of the several prior notes and liens? If so, which paper?" A. "It did. On the $500 note." (5) Q. "At the time, or prior to defendants' taking from Trammell the note and security deed for $1962.40, dated October 29, 1920, what actual notice, if any, did defendants, or either of them, have from Trammell, as to any indebtedness due by Trammell to plaintiff bank? Was such notice given?" A. "He was notified of indebtedness to bank." (6) Q. "If any such actual notice was given by Trammell to defendants, or either of them, what was the amount of indebtedness due by Trammell to the bank mentioned by Trammell, or brought by him to defendants' attention? Give amount." A. "From $3000 to $4000."

Thereupon the court entered a decree in the case, in which it is in effect decreed that the security deed of plaintiffs in error, Hill, Rumble, and Rudisill, was junior and inferior to the security deed to the bank, and that the $5000 note and security deed of the bank was not a novation of the several prior security deeds taken by it, 'but was merely a renewal; and enjoined the plaintiffs in error as prayed in the petition. To this decree the plaintiffs in error ex-

cepted; and they insist that, under the pleadings and issues submitted to the jury and the findings of the jury thereupon, the security deed from Trammell, dated October 29, 1920, to the plaintiffs in error, was not junior and inferior to the lien debt and demand of the bank, as evidenced by the bank's security deed; that it was error to decree that the $5000 security deed from Trammell to the bank was not a novation of the several prior and recorded security deeds, but that it was merely a renewal of the same; and therefore it was error to decree that the lien of the bank ranks with recordation of the several prior security deeds.

*Willingham & Willingham* and *Hall, Grice & Bloch,* for plaintiffs in error.

*Ogden Persons,* contra.

BECK, P. J. (After stating the foregoing facts.) The preceding statement of facts contains all that is essential to an understanding of the issues in this case. It may be that there is some conflict apparent in the answers of the jury to the questions propounded, which constitute the special verdict in the case; but there was no motion for a new trial; both parties rested upon the special verdict made by the jury, and the petitioner rests content with the decree which the court rendered upon that verdict. The defendants in the court below, plaintiffs in error here, except to the decree; they contend that it was not authorized by the verdict; that the verdict required a different decree, one holding that their title and lien were superior to that of the petitioner. If the security deed executed by Trammell in favor of the bank on November 22, 1920, was a renewal of the prior debt and security deeds executed by Trammell to the bank, the decree is right, provided, of course, it is not in conflict with the verdict. The jury found in favor of the petitioner upon the essential and controlling question in the case,—that is, that the deed of November 22, 1920, to the bank was a renewal of the prior indebtedness and evidences thereof. The first question propounded to the jury was: "Was, or not, the note and security deed from Trammell to plaintiff bank, dated November 22, 1920, for the sum of $5000, and due on demand, a new and independent transaction, or a renewal of prior obligations and liens?" And the answer thereto was: "It was a renewal of notes." We construe the expression "renewal of notes" as being that it was a renewal of the "prior obligations and liens."

That answer could only have been got rid of by being set aside upon motion for a new trial, or otherwise. No motion for new trial was made, and no other steps taken to have it set aside. So it stands as the truth. If upon a consideration of this answer and the answer to the other questions they were contradictory and confusing, that would have been good ground for setting aside the verdict upon a motion for new trial. But both sides were content to let the verdict stand. That being true, it was the duty of the court below to reconcile the answers of the jury to the other questions, which are necessarily subsidiary to the main question, to the answer given to that question which was first in order and first in importance, if that could be done. Taking the view that we do of the controlling effect of the answer to the first question, then the word "surrendered" and the word "paid," as used in the answers to questions 2 and 3, must be taken in a sense not contrary to the plain meaning of the answer to question 1. Plaintiffs in error insist that the word "surrender" means more than delivery; that it means "transfer of title." Evans *v.* U. S., 153 U. S. 584 (14 Sup. Ct. 934, 939, 38 L. ed. 830). But the court was not compelled, in framing the decree, to find that the word "surrender" meant more than delivery; he could well have held that the jury meant merely delivery, inasmuch as in his charge he had not given them a definition of the word "surrender," and might well have concluded that the jury attached to the word one of its ordinary meanings,—that is, mere delivery. And as for the word "paid," it is not necessary, when the answer to the first question is considered, to find that the jury used the word "paid" in its sense of a final discharge of a debt or its complete extinction, but might have meant that the debts and claim of the bank against Trammell were satisfied by the renewal. So far as the answer to the fourth question is concerned, we do not think that, even if the answer is accepted literally, it would afford ground of exception to the entire decree; for, certainly as to the $4500, the notes and the deed of November 22, 1920, under the pleadings and the evidence and the finding of the jury, were but a renewal of the prior debts and obligations and liens claimed by petitioner. As to this they were entitled, under the law, to have their priority established.

*Judgment affirmed. All the Justices concur, except*

RUSSELL, C. J., dissenting. The plaintiffs in error were not obliged to make a motion for new trial, though they might have pursued that course. The question was the proper framing of a decree.

In my opinion there was a novation of the contract. The majority of the court seem to attach first importance to the answer to the first question proposed. I think the decree should have been based upon a construction of all of the answers construed together. The paramount question in the case was as to whether or not the debt had been paid. The jury answered this question by saying it had. It is true they used the word "renewal" in answer to the first question; but there are more senses in which the word "renewal" can be used than can the word "surrender." In common parlance, renewal frequently refers to re-obtaining the amount which had previously been borrowed by one from a bank or other lender. In the present instance the bank obtained security for $500 more than the original debt mentioned in security deed. The answer to one of the questions was that the deed of the bank was *surrendered* and the debt paid *according to the understanding of both parties*. Not infrequently a security deed is not cancelled of record after it has been paid, and this could have been the fact in the case at bar.